Taliaferro, J.
Jerry Gustave, as principal, and James Small, Henry Young and Henry Bowles, as accessories before the fact, were indicted for the murder of one George Connor. The three parties indicted as accessories were acquitted. Jerry Gustave was found guilty of manslaughter and sentenced to hard labor in the penitentiary for the term of ten years. He appeals from the judgment.
It appears from a bill of exceptions in the record that after the State had closed its testimony, the accused, by his counsel, moved the court, there being no evidence to convict Joseph Small, Henry Young and Henry Bowles, accused as accessories, to submit the case to the jury as to those parties, so that they might be acquitted and made competent witnesses for defendant, Jerry Gustave, to use on his trial. This application the court refused to grant.
Again, after the testimony was closed, the accused made a similar application to the court, which was again refused. The complaint is that the defendant was deprived of the benefit of the testimony of these persons and was compelled to submit his case to the jury without their testimony.
After the finding of the jury, acquitting the three parties indicted as accessories and convicting Jerry Gustave, he moved the court for a new trial. The judge of the lower court, in giving his reasons for refusing the application to submit the cases of the parties indicted as accessories to the jury before that of the principal, says he considered the evidence against the said three parties as of sufficient weight and importance to warrant him in overruling the application. The law as found in Archbold’s Criminal Pleading, vol. 1, p. 148, is that: “It sometimes happens that the prosecution, in order to exclude the evidence of a material witness for the defendant, prefers his indictment *396 against both jointly. If, therefore, in such a case, no evidence whatever be given to affect a person thus unjustly made a defendant, the judge in his discretion may direct the jury to acquit him in the first instance, so as to give an opportunity to the other defendant to avail himself of his testimony.”
From' this authority the inference would seem to be that when the judge considers the evidence of sufficient weight to question the'innocence of the parties sought to be made witnesses for the principal defendant, he should not order their acquittal.
It is manifest from the reasons assigned by the judge in this case that his mind, from hearing the evidence, was not satisfied with the innocence of these parties.
We conclude the ruling of the court was correct.
Judgment affirmed.